DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which resentenced appellant, Hezekiah Miller, pursuant to a remand from this court.[1] In our previous decision we reversed the judgment entry of sentencing for three reasons, two of which are pertinent in this subsequent appeal. First, we held that because the amount of restitution to be paid by appellant had not yet been determined by the trial court, the issue of restitution was not final and appealable. Second, with respect to the trial court's order that appellant pay the costs of court-appointed counsel, we held that the trial court failed to make the necessary findings, as required by R.C. 2941.51(D).
Upon remand, the trial court again ordered appellant to pay the costs for his court-appointed counsel and again failed to make the necessary findings as required by R.C. 2941.51(D). With respect to restitution, the prosecution stated that "the billing office at Mercy Health Partners verified that the victim, Benjamin Sykes, qualified for St. Vincent Mercy Medical's Care Assurance Program and did not receive a bill from medical services received in 8/7/99 to 8/9/99. St. Vincent Mercy Medical Center sustained a lost [sic] of $18,092.51 which was absorbed by the Care Assurance Program." With respect to appellant's reimbursement of the victim's hospital bill, the trial court stated:
 "I have to agree with the prosecution also on the matter of the payment of the hospital bill, and it is in the amount of eighteen thousand roughly one hundred dollars. I am going to order you to pay any amount that is lawfully determined to be due as a result of this crime and in accordance with your ability to pay."
In its judgment entry of resentencing, filed April 4, 2001, the trial court stated the following with respect to restitution:
 "In as much as the mandate of the Court of Appeals found error only in regards to the matter of restitution, the Court's sentence of January 4, 2000 is reimposed except as to the requirement of restitution, restitution hereby ordered, in the amount of $18,000.00 or such part thereof as will be within the Defendant's ability to pay."
Appellant appeals the judgment entry of resentencing and raises the following assignments of error:
"Assignment of Error No. 1
 "THE TRIAL COURT ERRED IN REIMPOSING, OR LETTING STAND, THE REQUIREMENT THAT MR. MILLER PAY COURT-APPOINTED COUNSEL FEES AFTER REVERSAL FOR FAILURE TO DETERMINE THAT APPELLANT CAN OR CAN REASONABLY BE EXPECTED TO PAY THE AMOUNT ORDERED AND WITHOUT MAKING A SPECIFIC FINDING THAT HE IS, OR WILL LIKELY BE, ABLE TO PAY THE AMOUNT ORDERED.
"Assignment of Error No. 2
 "THE TRIAL COURT ERRED IN IMPOSING RESTITUTION FOR THE BENEFIT OF A THIRD PARTY, FOR WHAT ARE NOT ECONOMIC LOSSES, IN AN AMOUNT WHICH IS NOT A SUM CERTAIN, AND WITH NO MEANS OF DETERMINING WHAT AMOUNT SHOULD BE PAID."
With respect to appellant's first assignment of error, appellant asserts that we previously overturned the trial court's order regarding attorney fees on the basis of insufficient evidence. As such, appellant argues that double jeopardy attaches and the trial court is not permitted to reimpose that requirement during resentencing. Appellant is incorrect.
In our previous decision, we did not find that there was insufficient evidence upon which the trial court relied in ordering appellant to pay attorney fees; rather, we found that the trial court failed to make the necessary finding pursuant to R.C. 2941.51(D). Accordingly, we find that the trial court was not precluded from revisiting the issue on remand. Nevertheless, we find, and the state agrees, that the trial court again failed to make the necessary findings pursuant to R.C. 2941.51(D).[2]
Moreover, we find that there is insufficient evidence in the record to establish that appellant would reasonably be expected to have the means to pay for the costs of his court-appointed counsel.[3] Accordingly, we find appellant's first assignment of error well-taken.
With respect to his second assignment of error, appellant argues that the trial court erred in imposing restitution on behalf of a third-party, specifically St. Vincent Medical Center, and that the trial court again failed to specify a sum certain with respect to the amount of restitution owed. We agree.
R.C. 2929.18(A)(1) states that the trial court can award financial sanctions for the following:
 "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."
We find that the trial court's order of restitution does not comply with R.C. 2929.18(A)(1). R.C. 2929.18(A)(1) states that restitution can be ordered for "an amount based on the victim's economic loss." R.C.2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony." In this case, because the victim qualified for the Care Assurance Program, he incurred no medical costs. Accordingly, we find appellant's second assignment of error well-taken.
On consideration whereof, this court finds that the trial court erred in ordering appellant to pay the costs of his attorney's fees and restitution. Pursuant to App.R. 12(B), we order that appellant's three year term of incarceration remain in effect; however, we order vacated the portions of the Lucas County Court of Common Pleas' January 7, 2000 and April 4, 2001 judgment entries that require appellant to pay restitution and the costs of his court-appointed counsel. Costs of this appeal to be paid by the state of Ohio.
 JUDGMENT AFFIRMED IN PART AND VACATED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., and Richard W. Knepper, J., CONCUR.
[1] See State v. Miller (Dec. 22, 2000), Lucas App. No. L-00-1037, unreported.
[2] See, Id. See, also, State v. Golladay (Dec. 29, 2000), Lucas App. No. L-00-1092, L-00-1093, L-00-1094, unreported; and State v. Brown
(Nov. 19, 1999), Lucas App. No. L-97-1332, unreported.
[3] See R.C. 2941.51(D).